[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff Donna Gaetano, a licensed real estate salesperson, appeals a decision of the defendant real estate commission imposing a civil penalty of $500.00. The commission acted on the basis of its determination that the plaintiff violated General Statutes § 20-320 (1) and Regs. Conn. State Agencies § 20-328-5a. The plaintiff appeals pursuant to General Statutes § 4-183. The court finds the issues in favor of the defendant commission.
The relevant facts are not in dispute and are essentially the same as in Dlubac v. Connecticut RealEstate Commission, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. CV 95 055 05 80 (February 21, 1996, Maloney, J.). CT Page 1523
The case involves the proposed sale of a residence in East Hartford. The plaintiff, a broker employed at Century 21 Gaetano, Inc., was the listing agent. Michael Dlubac, who was employed by a different broker, Century Reale, was the selling agent in a transaction with the potential buyer, Robert A. Berdat.
The property is located about one half mile from the Connecticut River. The plaintiff had in her file on the property a notation that the property was in a flood zone and that flood insurance would be required in order to obtain a mortgage. The notation had been placed in the file by another Gaetano agent, Miller, who was no longer employed by Gaetano.
Neither the plaintiff nor Dlubac conveyed any information about the flood zone to Berdat prior to the latter's deposit on the property. The plaintiff claims she was not aware that the property was in a flood zone until after Berdat made the deposit. After he was finally made aware of the flood zone problem, Berdat attempted to rescind the sales contract and demanded a return of his deposit. He claimed that he would not have agreed to purchase the property if he had known that it was in a flood zone.
Berdat also filed complaints with the commission alleging misconduct on the part of Dlubac and the plaintiff, specifically that they failed to disclose to him that the property was in a flood zone before he agreed to buy it and made the deposit. The commission held a hearing on the complaint against the plaintiff and thereafter rendered a final decision finding her culpable and imposing a fine in the amount of $500.00.
In its final decision, the commission held that the location of the property in a flood zone is a material fact that a real estate salesperson is obligated to disclose to a prospective purchaser. The commission then stated that "This information was in (the plaintiff's) file, and (the plaintiff), as the seller's agent, is charged with knowledge of this fact." Based on these findings and conclusions, the commission determined that the plaintiff violated the statute and regulation cited CT Page 1524 above "by concealing the fact that the property in question was in a flood zone."
General Statutes § 20-320 (1) prohibits a real estate salesperson from "making any material misrepresentation" in the course of a real estate transaction. Similarly, Regs. Conn. State Agencies § 20-328-5a(a) provides that "A licensee shall not misrepresent or conceal any material facts in any transaction."
In her brief, the plaintiff appears to argue that since she was only the listing agent, not the selling agent, she had no direct duty to disclose anything to the buyer. At oral argument, however, her counsel conceded that the statute and regulation do impose a duty on her to disclose to the buyer any material fact known to her. She contends, however, that in this case she did not personally know of the flood zone problem before the transaction took place and, further, the fact that the property was in a flood zone did not constitute a material fact. She argues that the commission should adopt an "objective standard" in determining what constitutes a material fact and that this is a fact that "a reasonable person would consider to be material in deciding whether or not to purchase property." The plaintiff contends that the court should reverse the commission's conclusion that the fact in question was material.
The court agrees with the plaintiff that the case turns on whether the fact that the property was in a flood zone was a material fact within the meaning of the statute and regulation. The court does not agree, however, that it may overrule the commission's findings and conclusions in this regard.
A basic principle of administrative law is that the scope of the court's review of an agency's decision is very limited. General Statutes § 4-183 (j) provides that "(t)he court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact . . . The court shall affirm the decision of the agency unless the court finds that substantial rights of the person appealing have been prejudiced because the administrative findings, inferences, conclusions, or decisions are . . . clearly erroneous in view of the reliable, CT Page 1525 probative, and substantial evidence on the whole record." Furthermore, "Judicial review of conclusions of law reached administratively is also limited. The court's ultimate duty is only to decide whether, in light of the evidence, the agency has acted unreasonably, arbitrarily, illegally, or in abuse of its discretion." Conn. Light Power Co. v. Dept. of Public UtilityControl, 219 Conn. 51, 57 — 58 (1991). "The question is not whether the trial court would have reached the same conclusion but whether the record before the commission supports the action taken." Hospital of St. Raphael v. Commission on Hospitals Health Care, 182 Conn. 314, 318 (1980).
In the present case, the evidence in the record included the fact that mortgage lenders, including the buyer's bank, require special flood insurance when the property is located in a flood zone. The buyer himself testified at the hearing that the fact was of such crucial importance to him that he declined to buy the property as soon as he discovered that it was in a flood zone. These facts, which were undisputed, afforded sufficient basis for the commission's determination that the flood zone location constituted a material fact for purposes of the statute and location. In particular, the commission was entitled to consider the buyer's concerns as reasonable and was entitled to give great weight to the extra risk associated with the flood zone location, as evidenced by the additional insurance requirement.
A further reason for affirming the commission's determination as to the materiality of the flood zone location is that the commission was interpreting a statute and regulation that it was responsible for enforcing. "Although the construction and interpretation of a statute is a question of law for the courts to decide . . . it is a well established practice of (the) court to accord great deference to the construction given (a) statute by the agency charged with its enforcement." Starr v.Commissioner of Environmental Protection, 226 Conn. 358, 372
(1993). "This principle applies with even greater force to an agency's interpretation of its own duly adopted regulations."Griffin Hospital v. Commission on Hospitals and Health Care,200 Conn. 489, 497 (1986) These principles require the court to accord great deference to the commission's interpretation of the terms "material" and "material facts" as they are used in General Statutes § 20-320 (1) and Regs. Conn. State Agencies § 20-328-5a(a), respectively. CT Page 1526
The court also concludes that the plaintiff's argument that she lacked personal knowledge of the flood zone cannot be sustained. As the commission pointed out, the information was at all times contained in the plaintiff's file on the property and obviously available to her. It was not unreasonable under these circumstances to charge her with knowledge of that information.
The plaintiff's appeal is dismissed.
MALONEY, J.